IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:14-CR-154 |
| v. | ) | |
| | ) | |
| | ) | |
| GENE G. SCARBROUGH, | ) | (REEVES / GUYTON) |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C.§ 636(b) for disposition or report and recommendation as may be appropriate. This case came before the Court on February 10, 2015, for a pretrial conference and motion hearing on the Defendant's Motion to Continue Trial Date [Doc. 9], filed on February 2, 2015. Assistant United States Attorney Brooklyn Sawyers appeared on behalf of the Government. Assistant Federal Defender Benjamin Gerald Sharp represented the Defendant, who was also present.

The Defendant asks the Court to continue the February 17 trial date because counsel needs additional time to review discovery and to research legal matters in this case. At the hearing, Attorney Sharp stated that he had discussed the need for a trial continuance with the Defendant and that the Defendant did not object. AUSA Sawyers stated that the Government takes no position on the request to continue the trial. The parties agreed to a new trial date of April 21, 2015.

The Court finds the Defendant's motion to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the

1

public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). The Indictment [Doc. 1] charges the Defendant with embezzling more than $1,000 from the Railroad Retirement Board from September 23, 2012, to April 26, 2013. The Defendant first appeared in this case on December 17, 2014, and is released on conditions pending his trial. The Court finds that counsel for Defendant Scarbrough needs additional time to review discovery, to research legal issues, to locate and interview witnesses, and to prepare the case for trial. The Court finds that this preparation cannot take place in less than two and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite his use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

The Defendant's motion [**Doc. 9**] to continue the trial is **GRANTED**, and the trial is reset to **April 21, 2015**. The Court finds that all the time between the filing of the Defendant's Motion to Continue Trial Date on **February 2, 2015**, and the new trial date of **April 21, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling in this case, the parties are to appear before the undersigned for a pretrial conference on **April 9, 2015, at 11:00 a.m.** This date will also be the deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **April 6, 2015**. Special requests for jury instructions shall be submitted to the District Court no later than **April 10, 2015**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED** as follows:

>(1) Defendant Scarbrough's Motion to Continue Trial Date [**Doc. 9**] is **GRANTED**;

(2)  The trial of this matter is reset to commence on **April 21, 2015**, **at 9:00 a.m.**, before the Honorable Pamela L. Reeves, United States District Judge;

(3)  All time between the filing of the motion on **February 2, 2015**, and the new trial date of **April 21, 2015**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4)  The parties are to appear before the undersigned for a final pretrial conference on **April 9, 2015, at 11:00 a.m.**  This date shall also be the new deadline for concluding plea negotiations and providing reciprocal discovery;

(5) Motions *in limine* must be filed no later than **April 6, 2015**; and

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **April 10, 2015**.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge